UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABEL ISAAC JIATZ LARIOS, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff*,<br><br>-against-<br><br>TASTE OF ITALY RESTAURANT & PIZZERIA NYC INC. (D/B/A TASTE OF ITALY), TASTE OF ITALY PIZZERIA #2 INC. (D/B/A TASTE OF ITALY PIZZERIA), and LUIS PAUCAR,<br><br>*Defendants.* | 23-cv-06161-NCM-TAM<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff ABEL ISAAC JIATZ LARIOS ("Plaintiff") on the one hand, and Defendants TASTE OF ITALY RESTAURANT & PIZZERIA NYC INC. (D/B/A TASTE OF ITALY PIZZERIA), and LUIS PAUCAR, ("Defendants"), on the other hand. (Plaintiff and Defendants are collectively denoted the "Parties.").

**WHEREAS**, Plaintiff alleges that he worked for Defendants as an employee; and

**WHEREAS**, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, captioned (hereinafter "the Litigation"), *Jiatz Larios v. Taste of Italy Restaurant & Pizzeria NYC Inc. et al,* alleging, among other things, violations of federal and state wage and hour laws;

**WHEREAS,** Defendants deny any violation of federal and state wage and hour laws; and

**WHEREAS**, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the Parties agree as follows:

1.     **Settlement Payment**: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of the wage and hour claims brought in the Litigation by Plaintiff against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Forty Thousand Dollars and No Cents ($40,000.00) (the "Settlement Amount") in nineteen installments to be paid to Plaintiff's attorneys as follows:

(a)     First Installment: A check in the amount of Five Thousand Dollars and No Cents ($5,000.00) made payable to "CSM Legal P.C.," for immediate deposit thirty (30) days after Court approval of the Agreement, delivered to Plaintiff's counsel. Of this amount, $1,700.17 shall be apportioned to Plaintiff's counsel as attorneys' fees and costs, and the remainder ($3,299.83), shall be apportioned to Plaintiff.

(b)     Second through Eighteenth Installments: A check in the amount of One Thousand Nine Hundred Forty-Four Dollars and Forty-Four Cents ($1,944.44) made payable to "CSM Legal P.C.," for immediate deposit thirty (30) days after the previous installment, delivered to Plaintiff's counsel. Of this amount $661.17 shall be apportioned to Plaintiff's counsel as attorneys' fees and costs, and the remainder ($1,283.27), shall be apportioned to Plaintiff.

(c)     Nineteenth: A check in the amount of One Thousand Nine Hundred Forty-Four Dollars and Fifty-Two Cents ($1,944.52) made payable to "CSM Legal P.C.," for immediate deposit thirty (30) days after the previous installment, delivered to Plaintiff's counsel. Of this amount $661.27 shall be apportioned to Plaintiff's counsel as attorneys' fees and costs, and the remainder ($1,283.25), shall be apportioned to Plaintiff.

(d)     The payments set forth above in the Paragraphs shall be delivered to the office of CSM Legal, P.C. to the attention of Mary Bianco, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

(e)     In order to receive the settlement payments as described above, their counsel, CSM Legal P.C., must complete and provide an IRS Form W-9 to counsel for Defendants.

(f)     Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed collectively hereto as Exhibit B. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, and (ii) Defendants fail to cure such default within seven (7) days of receipt of written notice (to be delivered to Defendants by email to Yongjin Bae at ybae@hanglaw.com) Such notice of default will be deemed given on the first business day following electronic transmission thereof.

(g)     Plaintiff agrees to be responsible for any taxes associated with the settlement payment made to him hereunder. Plaintiff agrees to indemnify and hold harmless Defendants for any taxes, penalties or interest assessed as a result of an audit by the taxing authorities inasmuch as any taxes, penalties or interest assessed are directly related to the payment made in satisfaction of this settlement.

(f)     Plaintiff's counsel agrees to be responsible for any taxes associated with the settlement

payment made to Plaintiff's counsel hereunder. Plaintiff's counsel agrees to indemnify and hold harmless Defendants for any taxes, penalties or interest assessed as a result of an audit by the taxing authorities inasmuch as any taxes, penalties or interest assessed are directly related to the payment made in satisfaction of this settlement.

2. **Release and Covenant Not To Sue**: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, with respect to wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation. Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims").

3. **No Admission of Liability or Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties.

5. **Acknowledgments:** Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. **Notices:** Notices required under this Agreement, included but not limited to the Notice required by Paragraph 1 (c), shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered:

**To Plaintiff:**

Mary Bianco, Esq.
CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165
Email: mary@csm-legal.com

**To Defendants:**

Yongjin Bae
Hang & Associates, PLLC
136-20 38th Ave, 10G
Flushing, NY 11354
718-353-8588
Email: ybae@hanglaw.com

7. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Eastern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

8. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

8. **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with her legal counsel prior to her entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with CSM Legal, P.C., Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to her in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

9. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

10. **Dismissal of the Action:** Upon Plaintiff's counsel's receipt of the Settlement Payment from Defendants pursuant to Paragraph 1 above, Plaintiff's counsel will execute the Stipulation of Dismissal with Prejudice, attached hereto as <u>Exhibit A</u>, dismissing this Action.

**WHEREFORE**, the Parties have read the foregoing Agreement and accept and agree to all of the provisions contained in it.

**PLAINTIFF**
<u>ABEL ISAAC HATZ LARIOS</u>

_[signature]_

Date: 3/11/2024

**DEFENDANTS**
<u>TASTE OF ITALY RESTAURANT & PIZZERIA NYC INC. (D/B/A TASTE OF ITALY PIZZERIA)</u>

<u>Luis Paucar</u>                             Date: <u>03-13-2024</u>
BY:

<u>[signature]</u>                             Date: <u>03-18-2024</u>
LUIS PAUCAR